

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Lubbock Co,*

Honorable Clifford B. Jones, President
Texas Technological College
Lubbock, Texas

Dear Sir:

Opinion No. O-2259
Re: Application of Pollard Fee
Bill to courses in student
vocational flight training
when offered by Texas Tech-
nological College.

We are in receipt of your letter of April 8, 1940, which reads as follows:

"It will be appreciated if at your convenience you will kindly advise whether in your opinion courses in Student Vocational Flight Training under the auspices of the Civil Aeronautics Authority, fall within the provisions of the Pollard Fee Bill. The course comprehends ground work at the College and flight training at the Municipal Airport."

By the Pollard Fee Bill we understand you to refer to Acts 1927, 40th Leg., p. 351, Ch. 237, (Art. 2654a, et seq., Vernon's Texas Civil Statutes) and amendments thereto.

Article 2654a, Vernon's Civil Statutes, provides in part as follows:

"Sec. 1. No State educational institution shall collect from the students thereof any tuition, fee or charge of any kind whatever except as permitted by this Act, and no student shall be refused admission to or discharged from any such institution for the non-payment of any tuition, fee or charge except as permitted in this Act.

"Sec. 2. Any such educational institution may collect from each student a matriculation fee of not to exceed thirty ($30) dollars for any term of nine months,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Clifford B. Jones, page 2

and laboratory charges to cover actual laboratory
materials and supplies used by such student not to
exceed in any event four ($4.00) dollars for any one
year from any one student in any one laboratory
course. Matriculation fees for any six weeks may
not exceed five dollars, or for any ten weeks term,
not to exceed ten weeks term, not to exceed ten dol-
lars. Provided, however said educational institutions
may collect reasonable deposits from students each
year to insure said institutions against losses,
breakage etc., in libraries and laboratories, said
deposits to be returned at the end of each school
year minus such damage, loss or breakage as may have
been done by each individual student who has put up
a deposit.

"Sec. 3. The words 'State educational institutions'
as used in this Act shall include the following and
any branch thereof; . . . the Texas Technological
College; . . .

"Sec. 4. Nothing in this Act shall prevent the col-
lection of fees or charges voluntarily paid by the
students to cover the expense of student activities;
provided, however, that the same shall never be made
compulsory or required by the educational institution
as a condition precedent to a student entering or
continuing at said institution."

Article 2654c, Vernon's Texas Civil Statutes, (Acts 1933,
p. 596, Ch. 196) contains the following provisions:

"Sec. 1. The governing boards of the several
institutions of collegiate rank supported in whole
or in part by public funds appropriated from the
State Treasury shall cause to be collected from
students registering in the said schools after
September 1, 1933, tuition at the following rates:

"1. From each resident student, who registers
for twelve (12) or more semester hours of work per
semester of four and one-half (4½) months, Twenty-
five Dollars($25.00) per semester; or, who registers
for twelve (12) or more term hours of work per term
of three (3) months, Sixteen Dollars and Sixty-seven
Cents ($16.67) per term.

" . . .

"4. From each student registering for a summer
session, such amount as shall be fixed by the govern-

ing board of such institution, but in no event less than Twenty Dollars ($20.00) for a twelve (12) weeks term nor more than Thirty-five Dollars ($35.00) for a twelve (12) weeks term.

"5. The foregoing provisions, requiring the governing boards to collect tuition, shall not be interpreted as depriving the said boards of the right to collect such library, laboratory, and other fees as they are now permitted by law to collect."

Provision is also made for payment of fees by non-resident students.

Article 2654c, Vernon's Texas Civil Statutes, as amended by the addition of Section 4a, 46th Leg., S. B. No. 283, § 1, provides for charging extra tuition from each student registering for courses in the Departments of Arts, Drama or Speech, and Music; it being recited in the emergency clause that this amendment resulted from a ruling by the Attorney General's Department, that extra tuition could not be charged for fine arts courses in State-supported institutions. Evidently the opinion referred to is No. O-177, which ruled that such institutions are not authorized to require any charges from students other than those authorized by the above mentioned statutes.

We adhere to the conclusions expressed in our former opinion. As we construe these statutes, it was the purpose of the Legislature to prescribe the charges which such institutions are permitted to require of students registering in such schools, and when such fees are paid, no additional charges may be required by the enumerated State colleges and universities in the absence of an exception permitted by legislative enactment.

It is our opinion that the Pollard Fee Bill applies to courses in Student Vocational Flight Training offered by Texas Technological College, and charges by the College may not be made of students, except as authorized by the Legislature in such enactment and amendments thereto.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:N

APPROVED MAY 3, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

